UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Dr. Moreen B. Joseph, | ) Civil Action No.: 5:04-2319-RBH |
|        Plaintiff, | ) |
| | ) |
| | ) **ORDER** |
| Lee E. Monroe and Voorhees College, | ) |
|        Defendants. | ) |

**Procedural History**

The plaintiff filed this action on July 13, 2004 alleging federal causes of action for discrimination on the basis of sex and retaliation in violation of Title VII, 42 U.S.C. §2000e, and state law claims for assault and battery. The defendants filed Answers on August 20, 2004. Defendants filed a motion for summary judgment as to the federal claims with supporting documentation on November 28, 2005. The motion for summary judgment does not address the state law assault and battery claim.

This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Bristow Marchant, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636 and Local Rule 73.02(B)(2)(g). In his Report, Magistrate Judge Marchant carefully considers the issues and recommends that the defendant's motion for summary judgment be granted as to the plaintiff's retaliation claim (Third Cause of Action) and as to the *quid pro quo* sexual harassment claim (portion of First Cause of Action). However, the Magistrate Judge recommended that the motion for summary judgment be denied as to the hostile work environment aspect of the plaintiff's Title VII claim. Defendant filed objections

1

to the Report on July 14, 2006.  Plaintiff filed a response to the objections on July 25, 2006.

Plaintiff has not filed any objections.  Therefore, after thorough review, the Court adopts that portion of the Report which grants the defendants' motion for summary judgment as to the Third Cause of Action for retaliation.  Additionally, the Court adopts, without objection from the plaintiff, the portion of the Report which recommends granting the motion for summary judgment as to the *quid pro quo* claim of sexual harassment.  In this Order, the Court will address the objections filed by the defendants to the Report.

In conducting its review, the Court applies the following standard:

The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination.  The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made.  However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed.  While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

### Facts

The court agrees with the factual and procedural background as set forth by the Magistrate Judge in his Report and Recommendation.[1]  The court therefore adopts the Magistrate Judge's version

---

[1] The plaintiff was employed as Director of Research at the Center of Excellence for Rural and Minority Health (located at Voorhees College) and as an instructor at defendant, Voorhees College.  She initially became employed at the college in January of 2002 at a salary of $115,000. She received $70,000 from the Center through a federal grant and $45,000 from the college.  She alleges that the college president, Dr. Lee E. Monroe, subjected her to sexual harassment in 2002 and early 2003 by making sexual comments to her which became increasingly blatant and requesting a sexual relationship.  *See* Plaintiff's deposition, pp. 118-123.

2

of the facts in this case to the extent such facts are not specifically included herein.

## Legal Standard for Summary Judgment

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of proving that judgment on the pleading is appropriate. Once the moving party makes the showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

When no genuine issue of any material fact exists, summary judgment is appropriate. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. Id. However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

In this case, defendant "bears the initial burden of point to the absence of a genuine issue of material fact." Temkin v. Frederick County Commrs, 845 F.2d 716, 718 (4th Cir. 1991) (citing Celotex Corp v. Catrett, 477 U.S. 317, 322 (1986)). If defendant carries this burden, "the burden then shifts to the non-moving party to come forward with fact sufficient to create a triable issue of fact." Id. at 718-19 (citing Anderson, 477 U.S. at 247-48).

Moreover, "once the moving party has met its burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show there is a genuine issue for trial." Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, speculation, of conclusory allegations to defeat

3

a motion for summary judgment. Id. and Doyle v. Sentry, Inc., 877 F. Supp. 1002, 1005 (E.D. Va 1995). Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits (see Fed. R. Civ. P. 56(e)), depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. Baber, 977 F.2d 872, citing Celotex Corp., supra. Moreover, the nonmovant's proof must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data Gen. Corp., 12 F.3d 1310, 1316 (4th Cir. 1993); DeLeon v. St. Joseph Hosp., Inc., 871 F.2d 1229, 1223 n. 7 (4th Cir. 1989).

### Title VII Hostile Work Environment Claim

Under Title VII, it is an unlawful employment practice for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."42 U.S.C. §2000e-2(a)(1). Title VII encompasses both "tangible"[2] discrimination and "hostile or abusive environment". Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 64 (1986). A plaintiff must prove four elements in order to prevail on a hostile environment claim:"(1) unwelcome conduct, (2) based on [her] gender, (3) sufficiently pervasive or severe to alter the conditions of employment and to create a hostile work environment, and (4) some basis for imputing liability to [the employer]." Matvia v. Bald Head Island Management, Inc., 259 F.3d 261 (4th Cir. 2001). With regard to the fourth element which is at issue in the case at bar, an employer may be "subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee." Faragher v. City of Boca Raton, 524 U.S. 775, 807 (1998). See also, Burlington Industries, Inc. v. Ellerth, 524 U.S. 742 (1998).

---

[2] Tangible employment action includes "discharge, demotion, or undesirable reassignment." Faragher v. City of Boca Raton, 524 U.S. 775, 807 (1998).

In Faragher, the Supreme Court held an employer liable for sexual harassment of an employee by a supervisor when the harassment results in a tangible employment action. Where no tangible employment action occurs, the employer may avoid strict liability by proving the affirmative defense more fully set forth below that it attempted to prevent sexual harassment in the work place and that the employee did not avail herself of "corrective opportunities."

> When no tangible employment action is taken, a defending employer may raise an affirmative defense to liability or damages, subject to proof by a preponderance of the evidence, see Fed. Rule Cir. Proc. 8(c). The defense comprises two necessary elements: (a) that the employer exercised reasonable care to prevent and correct prompt and sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.

Faragher, 524 U.S. at 807.

The Magistrate Judge opined that a jury could find that Monroe, as President of Voorhees College, is the college's proxy and that his actions are thus automatically imputed to the employer. He recommended a finding by this Court that, if a supervisor holds a sufficiently high position in the company, his actions should be imputed to the employer without allowing the employer to utilize the affirmative defenses set forth in Faragher. [Under the proxy theory, "[f]rom the perspective of the employee, the supervisor and the employer merge into a single entity." Faragher, 524 U.S. at 790, citing Kotcher v. Rosa and Sullivan Appliance Ctr., Inc., 957 F.2d 59, 62 (2nd Cir. 1992).] The parties have not called the Court's attention to any Fourth Circuit opinions dealing with the issue of whether the Faragher/Ellerth defense is applicable where an employee is the employer's proxy.

This Court believes that it is premature to rule at this time as to whether the Faragher/Ellerth defense is available where an employee is found to be the employer's proxy. A Petition for Writ of Certiorari on this issue is pending before the United States Supreme Court. See Dearth v. Collins, 2006

5

WL 1675077 (2006) (Petition for Certiorari from decision by the Eleventh Circuit granting summary judgment on the basis of the Faragher/Ellerth defense to the employer although the company president was the alleged perpetrator, contrary to the Second, Fifth, Seventh, and Ninth Circuits and the EEOC.) See Johnson v. West, 218 F.3d 725, 730 (7th Cir. 2000) (vicarious liability applies when the harassing supervisor is either the employer's proxy or when tangible employment action has occurred); See also, Ackel v. National Communication, Inc., 339 F.3d 376, 383 (5th Cir. 2003); Passantino v. Johnson & Johnson Consumer Products, 212 F.3d 493, 516-517 (9th Cir. 2000); Distasio v. Perkin Elmer Corp., 157 F.3d 55, 64 (2nd Cir. 1998); EEOC Enforcement Guidance, section VI. This issue should more appropriately be addressed at trial.

Defendants contend in their objections that there are no factual issues as to whether "Dr. Monroe was the College's proxy with respect to the sexual harassment investigation. He was not." They further assert that the Court should find, as a matter of law, that the defendant has met its burden of proving that the plaintiff failed to cooperate with the investigation and that her claim is barred as a matter of law under the Faragher/Ellerth defense.

The defendants contend that Dr. Monroe was not the college's proxy with respect to the sexual harassment investigation since the investigation was handled by a third party investigator. This argument lacks merit. The plaintiff complained initially to the college's auditor, Frank Middleton, (without naming Monroe by name). Monroe then called a meeting on February 13, 2003 involving Middleton, Monroe, and Sandra Gloster, the Director of Human Resources for the purpose of beginning an investigation. The plaintiff allegedly refused to participate without an attorney. The plaintiff then sent a letter to Monroe on February 17, 2003 in which she requested that he stop the harassment and that she did not wish to "continue this nightmare." After the parties exchanged additional letters, the investigation was turned over to the college's Human Resource Department and then to the Board of

6

Directors, who employed M. Malissa Burnette, a Columbia attorney, to conduct an investigation.

The issue to be determined is not who conducted the investigation but whether Voorhees is charged with vicarious liability for the actions of Monroe, the college's president, for allegedly creating the abusive atmosphere. The President of a company is "indisputably within that class of an employer organization's officials who may be treated as the organization's proxy." Faragher, 524 U.S. at 789, citing Harris v. Forklift Systems, Inc., 510 U.S. 17 (1993) (individual charged with creating the hostile environment was the company president). This Court accordingly finds that the record contains sufficient evidence to submit the issue to the jury of whether Monroe acted as the proxy of the college so as to subject it to liability for his alleged actions, even where he did not participate in the college's official investigation. Moreover, the Court notes that Monroe did call a meeting after the plaintiff complained to Singleton of an unnamed harasser and in fact did attempt to investigate the matter.

Defendants also contend that Monroe was not the plaintiff's only supervisor as a matter of law since she reported "not only to Dr. Monroe" but to Dr. Leroy Davis who was the director of the Center for Excellence where the plaintiff worked under a grant. This argument also lacks merit. One of the plaintiff's duties was to serve as an instructor at the college and, as such, Monroe was arguably her supervisor. The fact that she also worked for the Center which had another director (under the college's auspices) does not take away Monroe's supervisory duties over all faculty members of the college. The defendants cite Johnson for the proposition that a supervisor is not a proxy for an employer where the published sexual harassment policy provided for a complaint to be handled in a management level above her supervisor's level and where she had several supervisors. However, in Johnson, the Seventh Circuit found that the Chief of Police of the defendant VA hospital was not a high-level manager who would be considered a proxy for the VA because he in fact had two supervisors within the hospital. On the contrary, in the case at bar, a jury could find that Monroe as president of the college supervised

7

all college employees, including the Director of the Center of Excellence.

The defendants also contend that the plaintiff did not cooperate with the investigation as a matter of law. However, the Court finds that there is a question of fact as to this matter. Although the report of the investigator indicates that she had some difficulty arranging a meeting with the plaintiff and her attorney, the report also indicates that a two-hour meeting was in fact held.

At this stage of the proceedings, looking in the light most favorable to the plaintiff, the Court finds that issues of fact exist to preclude summary judgment: for example, whether the conduct occurred and whether Monroe was or was not a proxy for the college. Even assuming as the defendants suggest that Monroe was not the proxy for the college, factual issues exist as to whether the defendants can establish the Faragher/Ellerth affirmative defense.

## Conclusion

For the foregoing reasons, the undersigned overrules all objections, adopts and incorporates the Report and Recommendation of the Magistrate Judge as modified herein, and **GRANTS IN PART AND DENIES IN PART** the defendant's motion for summary judgment. The Motion for Summary Judgment is GRANTED as to the plaintiff's third cause of action for retaliation and GRANTED as to that portion of the first cause of action only which alleges *quid pro quo* sexual harassment. The Motion for Summary Judgment is DENIED as to the allegations of the first cause of action regarding hostile work environment. The second cause of action for assault and battery remains as it was not at issue in the motion for summary judgment.

**AND IT IS SO ORDERED.**

                                                s/ R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Court Judge

September 6, 2006
Florence, South Carolina