UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Moreen Bishop-Joseph, ) | Civil Action No.: 5:04-2319-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| ) | **ORDER** |
| Lee E. Monroe and Voorhees College, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court on the defendant's [65] Motion for Judgment as a Matter of Law, in the Alternative for New Trial, or in the alternative for Modification of the Back Pay Award.

Plaintiff moves for judgment as a matter of law on the plaintiff's claim of sexual discrimination based on hostile work environment on the basis of sufficiency of the evidence of severe or pervasive conduct by the defendant to create a hostile work environment. In addition, defendants assert that the evidence presented at trial establishes as a matter of law that President Monroe was not the College's proxy and that the plaintiff unreasonably failed to take advantage of the College's anti-harassment policy. Plaintiff moves alternatively for a new trial on the sexual discrimination claim on grounds that the jury should be allowed to consider whether the plaintiff unreasonably failed to avail herself of the college's policy against harassment. Finally, defendants seek modification of the back pay awarded by the Court.

"A [district] court may only grant a motion for judgment as a matter of law (formerly j.n.o.v.) if, viewing the evidence in the light most favorable to the non-moving party and drawing every legitimate inference in that party's favor, the court determines that the only conclusion a reasonable

1

trier of fact could draw from the evidence is in favor of the moving party." *Tools USA v. Champ Frame Straightening Equip.*, 87 F.3d 654, 656-57 (4th Cir. 1996). The Fourth Circuit has stated that "whether harassment was sufficiently severe or pervasive is 'quintessentially a question of fact' for the jury." *Beardsley v. Webb*, 30 F.3d 524, 530 (4th Cir. 1994). In the case at bar, the Court believes that the evidence, taken as a whole, was sufficient to submit to the jury the issues of whether the conduct of Dr. Monroe was sufficiently severe or pervasive to create a hostile work environment and whether Dr. Monroe was the proxy for the college.

Defendants also contend that a new trial should be granted to allow the college to submit to the jury the defenses available under *Faragher* and *Ellerth* regardless of whether the jury finds Dr. Monroe to be the college's proxy. In making this argument, the defendants appear to be asserting that the Court improperly charged the jury that, if it found Dr. Monroe was the College's proxy, the jury could not consider the *Faragher/Ellerth* defense. The Court notes that there was no objection to the Court's jury charge, nor to the verdict form.[1]

In addition, the Court believes that the Fourth Circuit would follow what appears to be the majority rule, that the *Faragher/Ellerth* defense does not apply where the alleged harasser is the organization's proxy. *Faragher v. City of Boca Raton*, 524 U.S. 775, 789 (1998) ("Nor was it exceptional that standards for binding the employer were not in issue in *Harris, supra*[2]. In that case

---

[1] At the beginning of the trial, the Court placed on the record an agreement by both parties regarding the use of the *Faragher/Ellerth* affirmative defense and the proxy issue. The parties agreed that, although the defense would not normally apply where a plaintiff proves constructive discharge (i.e., a tangible employment action) **for purposes of this trial** no issue of constructive discharge was to be decided by the jury and the employer could use the *Faragher/Ellerth* defense, regardless of whether the plaintiff was constructively discharged. However, the parties agreed that the issue of whether Monroe was a proxy of the college should be submitted to the jury and that, if they determined that he was a proxy for the college, then the *Faragher/Ellerth* defense would not apply.

[2] *Harris v. Forklift Systems*, *Inc.*, 510 U.S. 17 (1993).

of discrimination by hostile environment, the individual charged with creating the abusive atmosphere was the president of the corporate employer. . . who was indisputably within that class of an employer organization's officials who may be treated as the organization's proxy."*). See Johnson v. West*, 218 F.3d 725 (7th Cir. 2000); *Ackel v. National Communications,* Inc., 339 F.3d 376 (5th Cir. 2003); *Distasio v. Perkin Elmer Corp.*, 157 F.3d 55 (2nd Cir. 1998); *Passantino v. Johnson & Johnson Consumer Products*, *Inc*., 212 F.3d 493 (9th Cir. 2000); *Haught v. The Louis Berkman, LLC*, 377 F.Supp.2d 543 (N.D.W.Va. 2005). Before the Supreme Court decided *Faragher*, the Fourth Circuit decided *Katz v. Dole*, 709 F.2d 251 (4th Cir. 1983), *partially abrogated by Mikels v. City of Durham*, 183 F.3d 323 (4th Cir. 1999). In *Katz*, the Fourth Circuit applied *respondeat superior* liability in regard to employer liability for sexual harassment. The Court stated: "Except in situations where a proprietor, partner or corporate officer participates personally in the harassing behavior, the plaintiff will have the additional responsibility of demonstrating the propriety of holding the employer liable under some theory of *respondeat superior*." *Id.*, 709 F.2d at 255. In *Mikels*, the Fourth Circuit recognized that the appropriate basis of liability by employers is their direct negligence rather than imputed liability through *respondeat superior*, citing *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998). However, the Court stated that the "mischaracterization has had no substantive effect on our application of the standard." *Id*., 183 F.3d 329, ftnote 4. Therefore, the portion of the *Katz* opinion which recognized liability of an employer for acts by a proxy appears to still be good law.

The defendants have not set forth sufficient grounds to grant a new trial.

Finally, defendants request the Court to reconsider its award of back pay to the plaintiff. Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.30[4] (3d ed.). The

Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening change in *controlling* law; (2) on account of new evidence; or (3) "to correct a *clear error of law* or prevent manifest injustice." Collison v. International Chemical Workers Union, 34 F.3d 233, 235 (4th Cir. 1994) (emphasis added). Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002). Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. See Tran v. Tran, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

Having reviewed the record related to this motion, the Court concludes that the motion presents neither new controlling law; new evidence, nor points out a clear legal error of this Court. Therefore, the plaintiff's motion to reconsider the backpay issues is denied for the reasons stated in this Court's Order dated May 16, 2007. *See Dennis v. Columbia Colleton Medical Center, Inc.*, 290 F3d 639 (4th Cir. 2002).

**AND IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Court Judge

July 5, 2007
Florence, South Carolina

4